**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4895**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEVANTE MARCUS RICHMOND, a/k/a Man,

Defendant - Appellant.

**No. 20-4074**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTHUR GENE EVANS, JR.,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Columbia.   Terry L. Wooten, Senior District Judge.  (3:18-cr-00864-TLW-1; 3:18-cr-00864-TLW-2)

Submitted: January 29, 2021                     Decided: February 23, 2021

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina; John E. Duncan, LAW OFFICE OF JOHN E. DUNCAN, Lexington, South Carolina, for Appellants. Peter M. McCoy, Jr., United States Attorney, Columbia, South Carolina, Andrew R. De Holl, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jevante Richmond ("Appellant Richmond") and Arthur Evans ("Appellant Evans") (collectively "Appellants") challenge the sentences they received after pleading guilty to charges stemming from a twenty four hour crime spree in which Appellants stole three cars and a wallet using guns and violence. Appellants claim the district court procedurally and substantively erred in reaching its sentencing decisions.

We conclude Appellants' sentences are procedurally reasonable because the district court adequately addressed the requisite sentencing factors, as well as the arguments submitted by each Appellant. Given that the district court has broad discretion when weighing the sentencing factors, we further conclude the sentences were substantively reasonable and the difference in the Appellants' sentences was sufficiently justified by each Appellant's distinct conduct.

Therefore, finding no reversible error, we affirm.

I.

A.

Underlying Criminal Conduct

The underlying crimes at issue began when Appellant Evans stole a victim's car at gunpoint. Appellant Evans asked the victim for directions and then pointed a revolver at her and ordered her out of the car. Appellants then drove the stolen car to a gun show, where they broke into several trailers and stole five guns and 1,500 rounds of ammunition.

The following night, Appellants and Shelvey Grant ("Grant")[1] attempted to steal three more vehicles by using the same method they had employed the previous night. Two of their attempts were successful.

During the unsuccessful second attempt, the victim grabbed the gun that was brandished by Appellant Evans and struggled for control over it. With the help of Grant, Appellant Evans regained control over the gun and struck the victim in the face. Appellant Evans then stole the victim's wallet and fired shots in the air as he fled with Appellant Richmond in a recently stolen vehicle. Appellants then proceeded to their third carjacking, in which Appellant Evans successfully stole a second car at gunpoint. Appellant Evans fled the scene in the newly stolen car with Appellant Richmond following in the previously stolen vehicle.

Police ultimately arrested Appellant Evans after he led them on a high-speed pursuit in one of the stolen vehicles. Appellant Evans crashed the vehicle during the pursuit and attempted to flee on foot before being apprehended. Appellant Richmond was arrested weeks later, although by the time of his arrest he was already in jail on state charges that included attempted murder and an additional carjacking.

B.

Appellants' Plea Agreements and Sentences

Appellant Evans was indicted by a grand jury on eleven charges: four counts of carjacking, three counts of brandishing a firearm during a crime of violence, one count of

---

[1] Grant is not a party to this appeal.

4

discharging a firearm during a crime of violence, two counts of being a felon in possession of a firearm, and one count of being in possession of stolen firearms. Appellant Richmond was charged with one count of being a felon in possession of a firearm, one count of being in possession of stolen firearms, and one count of brandishing a firearm during a crime of violence. Both Appellants pled guilty pursuant to written plea agreements that did not stipulate specific sentences.

The United States Probation Office filed presentence investigation reports ("PSRs") for both Appellants. The PSRs calculated advisory United States Sentencing Guidelines ("Guidelines") range sentences for each Appellant. Each sentence calculated by the PSRs was within-Guidelines and consisted of 204 months of imprisonment for Appellant Evans and 184–204 months of imprisonment for Appellant Richmond. Appellants were originally set to be sentenced at a joint sentencing hearing held on July 16, 2019, but at that hearing, the district court rejected the plea agreements.

The district court rejected the plea agreements due to the concern that the advisory Guidelines range sentences they produced were "too lenient in light of the circumstances." J.A. 130.[2] After rejecting the plea agreements, the district court advised Appellants that they had the right to withdraw their guilty pleas and noted that if they did not, "the court may dispose of [their] cases less favorably" than the plea agreements contemplated. *Id.* at 165. Nonetheless, neither Appellant moved to withdraw his guilty plea, and a second joint sentencing hearing was scheduled. At the conclusion of the second sentencing hearing, the

---

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

5

district court sentenced Appellant Richmond to an above-Guidelines sentence of 240 months of imprisonment and Appellant Evans to an above-Guidelines sentence of 252 months of imprisonment.

Both Appellants timely appealed, claiming the sentences are the result of procedural and substantive error.

## II.

All sentences -- "whether inside, just outside, or significantly outside the Guidelines range" -- are reviewed pursuant to an abuse of discretion standard. *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "Under this deferential standard, we first review for procedural reasonableness." *Id.* If we conclude that the procedure was reasonable, we proceed to "consider the substantive reasonableness of the sentence imposed." *Id.*

## III.

### A.

Procedural Reasonableness

The Guidelines set forth advisory sentence ranges, "requiring a sentencing court to consider Guidelines ranges, . . . but permitting it to tailor the sentence in light of other statutory concerns." *United States v. Booker*, 543 U.S. 220, 222 (2005) (citing 18 U.S.C. § 3553(a)). The procedural prong of our review requires district courts to begin sentencing proceedings by treating the Guidelines as "the starting point and the initial benchmark." *Blue*, 877 F.3d at 517. Thereafter, the district court must "give the parties the opportunity to argue for whatever sentence they deem appropriate and consider those arguments in light

6

of all of the factors stated in 18 U.S.C. § 3553(a)." *Id.* at 517–18. Finally, the "district court must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted). Failure "to consider the § 3553(a) factors" or to "adequately explain the chosen sentence are procedural errors." *Id.*

Appellants claim the district court committed three procedural errors when imposing their sentences. First, they argue the district court erred by focusing too narrowly on only one of the § 3553(a) factors, specifically "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). Second, Appellants assert the district court failed to adequately respond to their nonfrivolous arguments in favor of within-Guidelines sentences. Finally, Appellant Richmond contends the district court erred by justifying its imposition of an above-Guidelines sentence on a mistaken premise. According to Appellant Richmond, the district court mistakenly concluded that Appellant Richmond had several charges dismissed as a result his plea agreement and that his Guidelines sentencing range would have been substantially higher if he had been convicted on all counts.

1.

Pursuant to § 3553(a), there are several factors a district court must consider when imposing a sentence. However, we have made clear that a district court is not required to "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor" when explaining its chosen sentence, in part because many of the factors

7

can overlap. *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006). Yet, Appellants are correct that a district court cannot justify a sentence by simply "offering its view of the seriousness of the offense" if it "ignored every other statutory factor." *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015). But that is not to say that a district court is required to "give all the different factors precisely equal weight." *United States v. Fowler*, 948 F.3d 663, 672 (4th Cir. 2020). On the contrary, the facts of a particular case may render it appropriate "for the sentencing court to have 'attached great weight' to a single factor." *United States v. Pauley*, 511 F.3d 468, 476 (4th Cir. 2007) (quoting *Gall*, 552 U.S. at 59).

Here, although the district court was particularly concerned with the serious and violent nature of the underlying criminal conduct, we are satisfied that the district court properly considered the totality of the § 3553(a) factors with respect to each Appellant. First, the district court's detailed analysis of the nature of each Appellant's conduct is relevant to multiple § 3553(a) factors, namely "nature and circumstances of the offense," "the need for the sentence imposed . . . to reflect the seriousness of the offense," and "the need to avoid unwarranted sentence disparities among defendants." 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(6). Furthermore, the district court expressly considered factors other than those pertaining to the nature of Appellants' conduct, all while frequently acknowledging the existence and significance of the § 3553(a) factors as a whole. For example, the district court referenced the deterrence factor and noted that Appellant Evans "was on parole at the time he committed this offense." J.A. 253. The district court also

8

cited "[p]rotection of the public" and the need for "substance abuse testing and treatment" as additional factors considered in both of Appellants' sentences. *Id.* at 253, 258, 263.

Therefore, we conclude the district court's explanation for its sentences indicates that it sufficiently considered the totality of the § 3553(a) factors.

2.

We next address Appellants' claim that the district court erred by failing to adequately respond to their nonfrivolous arguments in favor of within-Guidelines sentences. Appellant Richmond contends the district court failed to adequately address his arguments regarding analyzing the § 3553(a) factors with respect to each individual count pursuant to *Dean v. United States*,[3] his criminal history, his familial support, the lack of prior violence in his record, and the Government's argument based on his cooperation with law enforcement. Appellant Evans contends the district court erred by failing to address his arguments regarding the nature of his upbringing and his desire to accept responsibility for his conduct and rehabilitate.

It is well established that a sentence is procedurally unreasonable if "the record fails to make it patently obvious" that the "sentencing court truly considered the parties' nonfrivolous arguments." *Provance*, 944 F.3d at 218 (internal quotation marks omitted). When evaluating the sufficiency of the district court's engagement with particular arguments, "we look at the full context, including the give-and-take of a sentencing

---

[3] 137 S. Ct. 1170, 1176 (2017) (holding district courts may consider the § 3553(a) factors when determining a sentence for each individual offense in a multicount case).

hearing." *United States v. Nance*, 957 F.3d 204, 213 (4th Cir. 2020). "Where a sentencing court hears a defendant's arguments and engages with them at a hearing, we may infer from that discussion that specific attention has been given to those arguments." *Id.* Moreover, when a district court fully addresses an argument's "central thesis," the district court is "not also required to address separately each supporting data point marshalled on its behalf." *Id.* at 214.

We find no reversible error in the manner in which the district court responded to each Appellant's arguments. As an initial matter, the district court had no reason to specifically address any argument based on *Dean v. United States* or Appellant Richmond's claims of his overstated criminal history because at the sentencing hearing, Appellant Richmond conceded those arguments. *See* J.A. 217 ("I'm not arguing *Dean*."); *see also id.* at 216 (stating that although Appellant Richmond "*could* . . . argue . . . his criminal history is overstated . . . [he was] not asking Your Honor to depart from a criminal history V to a IV" (emphasis supplied)). Moreover, regarding Appellant Richmond's argument as to the lack of violence on his criminal record, the district court simply disagreed with Appellant Richmond that his criminal history did not include any violent crimes. *Id.* at 225 (The court: "I don't know that I want to characterize the prior convictions as just property offenses."). Additionally, the district court explicitly observed that the Government argued for a within-Guidelines range because of Appellant Richmond's cooperation. And the district court went on to state it was "going to consider that" fact when issuing Appellant Richmond's sentence. *Id.* at 235. Finally, although the district court should have responded to Appellant Richmond's argument regarding his familial support, failing to do

10

so was not reversible error because Appellant Richmond failed to demonstrate any extraordinary familial circumstances. *Cf. United States v. Martin*, 520 F.3d 87, 93 (1st Cir. 2008) ("A district court therefore may take *idiosyncratic* family circumstances into account . . . ." (emphasis supplied)); *see also United States v. Boulware*, 604 F.3d 832, 839–40 (4th Cir. 2010) (explaining that any error stemming from the district court's failure to consider a party's arguments is harmless where the arguments are "very weak").

Regarding Appellant Evans, while it is true the district court did not specifically address his personal statement that expressed remorse and a desire to change when it announced his sentence, the court sufficiently engaged the statement at the sentencing hearing, so "we may infer from that discussion that specific attention [was] given" to that point. *Nance*, 957 F.3d at 213. Indeed, the district court responded to Appellant Evans's personal statement, stating, "I'll take into consideration what you have said," and "I hope you'll do what you say. I hope you'll stay out of trouble." J.A. 246.

Appellant Evans's remaining arguments regarding his sentencing memorandum and the Guidelines' lack of credit for acceptance of responsibility in cases where a defendant has only been convicted of § 924(c) offenses share the same "central thesis" as his personal statement. *Nance*, 957 F.3d at 214. Namely, that Appellant Evans expressed remorse for his conduct as well as a desire to change. Therefore, we are satisfied that these points were also sufficiently addressed during the "give-and-take of [the] sentencing hearing." *Id.* at 213.

3.

Finally, Appellant Richmond argues the district court committed procedural error by justifying an above-Guidelines sentence based in part on a mistake. Specifically, Appellant Richmond claims the district court's observation that he had charges dismissed as a result of his plea agreement and "had he been convicted on all of the counts, [the Guideline range] would have been substantially higher" was incorrect. J.A. 234. While Appellant is correct that the Government only dismissed one charge pursuant to the terms of Appellant Richmond's plea agreement and that even if the charge had not been dismissed, his advisory Guidelines range would have been no different, to the extent the district court was mistaken on these facts, we conclude that it was not reversible error.

To begin with, we review this specific contention pursuant to a plain error standard because Appellant Richmond failed to object to the district court's factually and legally inaccurate statement about his plea agreement. *See United States v. Hargrove*, 625 F.3d 170, 184 (4th Cir. 2010) ("[I]n the absence of proper preservation, plain-error review applies."). Accordingly, Appellant Richmond "must establish that the . . . error was plain, and that it affected his substantial rights." *United States v. Robinson*, 627 F.3d 941, 954 (4th Cir. 2010) (internal quotation marks omitted). Such errors are only "corrected where not doing so would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Here, Appellant Richmond fails to demonstrate such error. First, the district court noted that it was concerned not only about charges that were brought and subsequently

dismissed pursuant to the plea agreement but also about charges that could have been brought against Appellant Richmond but were not pursued in the first instance. Thus, the district court was not exclusively concerned with the *dismissed* charges; it was also inclined to vary upward given the *unpursued* criminal charges. Moreover, when the sentencing hearing is viewed in its full context, it is clear that uncharged criminal activity did not play a substantial role in the sentencing decision. As noted at the outset of the procedural reasonableness analysis, the district court was particularly moved by the serious and violent nature of Appellants' underlying criminal offenses as well as the need for deterrence. Indeed, prior to making the statement Appellant Richmond claims was error, the district court emphasized "the nature and the circumstances of the offense." J.A. 233 ("The conduct is clear here. Violent Crime, violent offenses, no question about that."); *see also id.* at 235 (noting "there has to be deterrence in this case" and "the protection of the public is a factor here").

Thus, even if assumed inaccurate, we conclude that the district court's statements did not amount to an infringement on Appellant Richmond's substantial rights or a miscarriage of justice.

B.

Substantive Reasonableness

After determining the sentences here are procedurally reasonable, we turn to substantive reasonableness. *See Nance*, 957 F.3d at 212. Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion." *Id.* (internal quotation marks omitted). Notably,

13

"[e]ven if 'the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors . . . justify the extent of the variance.'" *Id.* (quoting *Gall*, 552 U.S. at 51). Nonetheless, the further a district court diverges from the advisory Guidelines range, "the more compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006).

Appellants first challenge the substantive reasonableness of their sentences by repeating their claims regarding the district court's focus on the nature of the crime committed. This argument fails because in this Circuit we frame that issue as one of procedural reasonableness. *See Lymas*, 781 F.3d at 112–13. And we have already held that the sentences were procedurally reasonable because the district court gave all of the § 3553(a) factors due consideration.

Next, Appellants claim the district court erred by justifying its upward variances based on the serious nature of the underlying conduct because Congress and the Sentencing Commission already had the nature of the conduct in mind when establishing Guidelines ranges for § 924(c) convictions. But once again, this argument fails because we disagree with its assumed premise. Specifically, we concluded the district court's decision to vary upward was not based solely on a consideration of the nature of the underlying conduct, as discussed above. Moreover, "district courts have extremely broad discretion when determining the weight" of each § 3553(a) factor. *Nance*, 957 F.3d at 215.

Finally, Appellants argue the district court failed to adequately explain why it varied further from the Guidelines range for Appellant Evans's sentence than for Appellant

14

Richmond's. But a fulsome review of the sentencing hearing reveals that the district court did not impose identical upward variances because it did not believe Appellants played identical roles in the underlying offenses. Indeed, throughout the hearing, the district court asked counsel for Appellants and the Government to "distinguish the conduct of [Appellant] Evans in [the underlying] offenses from the conduct of others." J.A. 247. Through these discussions, the district court reasonably concluded that Appellant Evans played a more central and violent role in the carjackings than Appellant Richmond. Thus, the district court expressly relied on distinctions in conduct to justify the distinction in the variant sentences. For these reasons, we conclude that Appellants' sentences are not substantively unreasonable.

## IV.

For the foregoing reasons, the judgments of the district court are

*AFFIRMED*.